## Peter Schwartzkopf, Plff. in Err., *v.* William H. Hill.

The maker of an accommodation note can avail himself of any defense which the payee has against the holder.

In an action against the maker of a promissory note, defendant averred in his affidavit of defense that the note was given to the payee as an accommodation note; that an action by plaintiff against the payee was pending, in which the payee had filed an affidavit of defense alleging that the plaintiff received the note in part payment for a saloon and bottling establishment, and that the plaintiff was guilty of artifice and misrepresentation in the sale; and claiming a set-off to the full amount of the note because of failure of consideration. Defendant averred "that all the facts set out in said affidavit are true to the best of deponent's information, knowledge and belief, and he expects to be able to prove the same upon the trial of the case." *Held,* to be sufficient to prevent judgment.

(Decided April 19, 1886.)

Error to Common Pleas, No. 2, of Philadelphia County to review the discharge of a rule for judgment for want of a sufficient affidavit of defense, in an action of assumpsit on a promissory note. Writ of error dismissed.

Summons in case was issued January 2, 1885. January 24, 1885, affidavit of defense filed. February 3, 1885, rule for judgment for want of a sufficient affidavit of defense. April 17, 1885, supplemental affidavit of defense filed. May 23, 1885, additional affidavit of defense filed. The additional affidavit, which included all the averments of the previous affidavits, alleged a full defense to plaintiff's claim, as follows:

"The note in suit is an accommodation note and was given by this deponent to Walter Broomhead without any consideration whatever. Said note was indorsed by said Walter Broomhead and delivered to the plaintiff in the above case, in part payment for a bottling business and saloon at Frankford. Suit has been brought against said Broomhead upon said note, and he filed the following affidavits of defense, *viz.:*

NOTE.—The accommodation indorser may take advantage of any defenses which exist as between the holder and the accommodated party. Gunnis v. Weigley, 114 Pa. 191, 6 Atl. 465; Sitgreaves v. Farmers' & M. Bank, 49 Pa. 359; Stanley v. Barry, 16 W. N. C. 224; Cake v. Northumberland County Nat. Bank, 6 W. N. C. 88.

" 'Walter Broomhead being duly sworn according to law says he is the defendant in the above case, and has a just and full defense to plaintiff's claim in said case, of the following nature, to wit:

" 'The note in suit is an accommodation note and was given by William H. Hill to deponent without any consideration therefor whatever, and was given by this deponent to plaintiff, in part payment for a bottling business and saloon at Orthodox and Melrose streets, Frankford. At the time of the sale of said business and saloon to deponent the plaintiff made certain false and exaggerated statements concerning the same, which formed the inducement to purchase, and relying upon which, deponent did purchase, not knowing them to be false and exaggerted. Deponent paid $900 in cash and gave the note in suit as the whole consideration money. Plaintiff represented to deponent that the profits of the said business averaged $30 per week clear of all expenses, and that his daily receipts were from $5 to $10; and in order to deceive deponent, plaintiff invited him to come and see the place, and when deponent came the place was well filled with customers, and the plaintiff represented that as the usual and customary attendance and that many times he would have more than that number.

" 'Deponent has since found this was untrue, and believes the place was filled up for the purpose. Deponent expects to prove that all the representations were exaggerated and false, and made to deceive and mislead as an inducement to purchase. Before the note matured deponent complained to plaintiff of these false statements, and surrendered the saloon and fixtures to plaintiff. The plaintiff has accepted the surrender, and is now in possession thereof, carrying on the business.

" 'In the sale the bottling route was valued at $1,200 and the saloon at $300, and deponent claims an offset for the value of the saloon. The representations concerning the bottling route were also false and untrue. Plaintiff told deponent that there were $300 worth of bottles on hand, and that they were included in the sale, and deponent paid for them. When deponent took possession there was not $100 worth of bottles, and deponent was put to great inconvenience and expense by reason of the insufficient quantity of bottles and claims an offset of $300 additional for the same. All of which deponent expects to prove at the trial of this cause.'

" 'Walter Broomhead, being duly sworn according to law, doth depose and say that the representations set out in the affidavit of defense filed were made by plaintiff, and that he, the said plaintiff, knew the same to be false and untrue at the time he made them.

" 'With relation to the bottling route, deponent had no opportunity to inspect the same, because the bottles were scattered among the customers, and he was obliged to depend upon the representations of the plaintiff; as to their number, deponent believes and expects to prove that the plaintiff knowingly misrepresented the quantity of bottles, and said there was $300 worth when, in truth and fact, there was not $100 worth on hand, or out in the hands of customers.'

" 'Walter Broomhead, being duly sworn according to law, further deposes and says that the plaintiff knowingly and falsely represented the receipts of the business to be from $5 to $10 per day, and that the profits of said business, clear of expenses, would average $30 per week. This representation was made with relation to the saloon business, and not to the bottling business. The receipts from said saloon business, while deponent had the place, did not average $12 per week, and the daily receipts were less than $2. All which deponent believes to be true, and expects to prove same on the trial hereof.'

"All the facts set out in said affidavit are true, to the best of deponent's information, knowledge, and belief, and he expects to be able to prove the same upon the trial of above case."

The court discharged the rule for judgment for want of a sufficient affidavit of defense, June 2, 1885. The plaintiff then took this writ assigning as error the action of the court (1) in discharging the rule, and (2) in not entering judgment for the plaintiff.

*Charles F. Linde* and *John H. Sloan,* for plaintiff in error.—

The defendant does not say that the plaintiff took the saloon back in release of the indebtedness.

Where one lends his promissory note for the accommodation of another, he lends his credit without any restrictions as to the manner of its use. Moore v. Baird, 30 Pa. 138; Holmes v. Paul, 5 Clark (Pa.), 461.

There is a broad distinction between a false affirmation of quality or title or soundness, and of mere value; of the last, the

purchaser must always be his own judge. Ellis v. Andrews, **56** N. Y. 83, 15 Am. Rep. 379; Biddle, Warranties, 292.

The rule of *caveat emptor* applies if the buyer neglects to make an inspection when the opportunity is offered. Biddle, Warranties, 143; Hyatt v. Boyle, 5 Gill & J. 120, 25 Am. Dec. 276; Humphreys v. Comline, 8 Blackf. 516; Hargous v. Stone, 5 N. Y. 84; Broderick v. McHenry, 1 W. N. C. 446; Lord v. Grow, 39 Pa. 88, 80 Am. Dec. 504.

Mere representation is not a warranty; the relation of buyer and seller is not a confidential one. Whitaker v. Eastwick, 75 Pa. 229; Wetherill v. Neilson, 20 Pa. 448, 59 Am. Dec. 741.

The averment is not precise and certain as to time. If the purchase money was paid after possession was taken and with the knowledge of all the facts, it was voluntary, and cannot be recovered back, or constitute the defense of set-off. Markley v. Stevens, 89 Pa. 281.

Fraud must be distinctly alleged; it is not sufficient to give notice of the facts intended to be proved from which fraud may be inferred. Orphans' Court use of Groff v. Groff, 14 Serg. & R. 184; Clark v. Partridge, 2 Pa. St. 15; Sterling v. Mercantile Mut. Ins. Co. 32 Pa. 75, 72 Am. Dec. 773.

The defendant does not swear to the facts alleged in Broomhead's affidavit, but simply swears that Broomhead had sworn to them. The defendant must swear to the facts alleged in the other affidavit, either from knowledge or information and belief.

*George S. Graham,* for defendant in error.—If the vendor does or says anything whatever with an intention to divert the eye or obscure the observation of the buyer, even as to open defects, he would be guilty of fraud. 2 Kent, Com. 484.

The vendor must not practice any artifice. Id. 482.

The number of bottles was peculiarly within the plaintiff's knowledge, and so was the amount of business done at the saloon; and in the latter case he resorted to artifice. The payment was made before taking possession, and part of the purchase money is still unpaid. It is not the case of a voluntary payment.

The fraud as to the saloon entitled Broomhead to rescind. Lowry v. McLane, 3 Grant Cas. 333; Stewart v. Dougherty, 1 Pittsb. 233; Frazer v. Hill, 2 Phila. 299.

He tendered the place to the plaintiff, who accepted the sur-

render. This was a rescission. The assertion as to the bottles constituted a warranty, being a representation as to what was not open to the vendee's inspection. See Scheppers v. Stewart, 11 W. N. C. 106; Fisher v. Worrall, 5 Watts & S. 478; Bower v. Fenn, 90 Pa. 359, 35 Am. Rep. 662.

Where a defendant states facts not within his own knowledge, it is sufficient to aver that he believes them and expects to be able to prove them. Reznor v. Supplee, 81 Pa. 180.

PER CURIAM:

The facts averred in the affidavits of defense, if all true, as must now be assumed, are sufficient to send the case to the jury under proper instructions.

Writ of error dismissed at the costs of the plaintiff in error, without prejudice to his right to trial by jury and a second writ of error after final judgment.